**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UBS Financial Services Incorporated, et al., | No. CV-22-00386-PHX-DJH |
| Petitioners, | **ORDER** |
| v. | |
| Harold Walter Harrison, | |
| Respondent. | |

UBS Financial Services Inc. and UBS Credit Corp. (collectively "UBS") have filed a Motion for Entry of Default Judgment (Doc. 16). Defendant Harold Walter Harrison ("Defendant") was served with the Complaint, Summons, and this Motion; however, he has not answered or otherwise appeared to defend in this action. The Court must decide whether default judgment is proper under Federal Rule of Civil Procedure 55. For the following reasons, the Court will require UBS to file copies of the alleged arbitration agreements it executed with Defendant.

**I.  Background**

This matter concerns an arbitration award that resolved UBS's breach of contract and unjust enrichment claims against Defendant. (Doc. 1-2). UBS seeks to confirm the award under Section 9 of the Federal Arbitration Act ("FAA"). 9 U.S.C § 9. Below is an overview of the underlying arbitration proceedings as well as the procedural history of the present action.

/ / /

### A. The Underlying Arbitration

UBS is a Delaware corporation with its principal place of business in New Jersey. (Doc. 1 at ¶ 2). It operates as a securities broker-dealer and is a member firm of the Financial Industry Regulation Authority ("FINRA"). (*Id*.)

Defendant is formerly employed financial advisor in UBS's Arizona branch office and alleged to be a resident of Arizona. (*Id*. at ¶¶ 4, 7). During his UBS employment, Defendant obtained seven loans totaling to $897,104.84 (the "UBS Loans"). (*Id*. at ¶¶ 7–8). He executed seven promissory notes in connection with his UBS Loans, each of which contained an arbitration clause requiring the parties to resolve disputes through arbitration conducted by FINRA. (*Id*. at ¶¶ 8, 12).

Under the promissory notes, Defendant's UBS Loans became immediately due and payable to UBS upon his voluntarily resignation on September 12, 2016. (*Id*. at ¶¶ 9–10). Defendant's failure to make payments on his UBS Loans prompted the underlying arbitration proceedings.

UBS filed a FINRA complaint against Defendant seeking to recover the unpaid balances of the UBS Loans. (Doc. 16 at ¶ 15). UBS asserted claims for unjust enrichment and breach of the seven promissory notes. (Docs. 1 at ¶ 13; 1-2 at 2); *see UBS Fin. Servs. Inc. v. Harrison*, No. 19-03751 (Fin. Indus. Regul. Auth. July 29, 2021) (Kalish, Arb.). Defendant appeared and participated in the arbitration. (*See generally* Doc. 1-2).

On July 29, 2021, FINRA Arbitrator Marc Kalish found in favor of UBS and issued an Award (Doc. 1-2) (the "FINRA Award") against Defendant as follows:

- $635,492.85 in compensatory damages on the seven unpaid UBS loan balances;

- $58.328.67 in interest accrued from Defendant's voluntary resignation on September 12, 2016, through July 15, 2021;

- $33.01 per diem from July 16, 2021 until the Award is paid in full;

- $40,376.00 in attorneys fees; and

-     $2,150.00 in FINRA fees[1]

(Docs. 1 at ¶ 14; 1-2 at 3–6). The FINRA Award against Defendant amounts to $736,347.52 plus post judgment interest at $33.01 per diem. (Docs. 16 at ¶ 9; 1-2 at 3–6). UBS alleges that Defendant has failed to make any payments under the FINRA Award.

### B. The Present Action

On March 14, 2022, UBS filed a Complaint (Doc. 1) petitioning this Court to confirm the FINRA Award under Section 9 of the FAA. (*Id*. at ¶ 16). After multiple failed attempts at service upon Defendant, UBS filed a Motion to Extend Time For Service (Doc. 8), which the Court granted. (Doc. 9).

On June 25, 2022, UBS, via a Florida process server, personally served the Complaint and Summons on Defendant at 5810 Central Avenue, Apartment 102, New Port Richey, Florida 34652. (Doc. 10). Defendant did not file an answer or otherwise appear in this action.

On September 8, 2022, UBS moved for the Clerk to enter default (Doc. 12). The Clerk of Court entered default on September 13, 2022, under Federal Rule of Civil Procedure 55(a). (Doc. 13). UBS then filed the pending Motion for Entry of Default Judgment (Doc. 16), which it served Defendant electronically and by mail to his Florida address. (*Id*. at 6). Defendant did not file a response and the time to do so has passed. LRCiv. 7.2.

## II. Legal Standard

A district court has discretion to grant default judgment against a party after the clerk enters the party's default. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "Where a respondent fails to appear in an action to confirm an arbitration award, and default has been entered, courts will first consider the appropriateness of entry of default judgment." *UBS Fin. Servs., Inc. v. Martin*, 2014 WL 2159280, at *2 (S.D. Cal. May 23, 2014) (applying Fed. R. Civ. P. 55 in the context of arbitration awards); *Wells Fargo Advisors, LLC v. Braver*, 2012 WL 2990779, at *2 (N.D.

---

[1] This amount excludes UBS's filing and FINRA membership fees. (*See* Doc. 1-2 at 5).

Cal. July 9, 2012) (same); *Bd. of Trs. of the Carpenters Health & Welfare Tr. Fund for Cal. v. Cruz*, 2008 WL 11518471 (N.D. Cal. July 28, 2008) (same). "[A] district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" when considering whether the entry of default judgment is proper. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Once a court finds jurisdiction, it must consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

## III. DISCUSSION

The Court will first assess whether it has subject matter jurisdiction over the case and personal jurisdiction over Defendant. The Court will then evaluate the merits of UBS's Motion for Default Judgment under the *Eitel* factors.

### A. Subject Matter Jurisdiction

First, this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. Federal courts have diversity jurisdiction when: (1) there is a complete diversity of citizenship among the parties, *i.e.*, no plaintiff is a citizen of the same state as any defendant; and (2) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. UBS is a Delaware corporation with its principal place of business in New Jersey and alleges that Defendant is a resident of Arizona. (Doc. 1 at ¶ 2, 4). The amount in controversy regarding Defendant's loans exceed $75,000.00. (*Id*. at ¶ 8). Additionally, the FAA provides district courts with jurisdiction to review arbitration awards. 9 U.S.C. §§ 9–12.

/ / /

### B.     Personal Jurisdiction

Second, the Court has general jurisdiction over Defendant because the Complaint alleges he is a resident of Arizona. (Doc. 1 at ¶ 4); *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (for an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile).

### B.     *Eitel* factors

Having found jurisdiction over the case and parties, the Court will proceed with the *Eitel* factors to assess the merits of UBS's Motion for Default Judgment. The first, fourth, fifth, and sixth factors weigh in favor of entering default.

#### 1.     Possibility of Prejudice to UBS

Defendant has not responded or otherwise appeared in this action. And although Defendant has participated in arbitration, he has not made any payments under the FINRA Award. Thus, without an entry of default judgment, UBS's damages would remain unrelieved. Therefore, the first factor favors default judgment.

#### 2.     Merits of UBS's Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). The second and third *Eitel* factors favor default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)); *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). "Upon entry of default, the facts alleged to establish liability are binding upon the defaulting party." *Danning*, 572 F.2d at 1388. "However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Id*.

Here, UBS has filed a Complaint petitioning this Court to confirm the FINRA Award. (Doc. 1 at ¶ 16). The FAA permits a party to an arbitration to apply to a district court to confirm an arbitration award. 9 U.S.C. § 9. To obtain confirmation, the FAA

requires the moving party to file (a) the agreement to arbitrate; (b) the award; and (c) "[e]ach notice, affidavit, or other paper used to confirm, modify, or correct the award . . . ." 9 U.S.C. § 13. A court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9; *see Stafford v. Baart Behavioral Health Servs.*, 855 F. App'x 426, 427 (9th Cir. 2021) (granting an arbitration award because there were no grounds for vacatur).

As to vacatur, Section 10 provides that a court may vacate an arbitration award where: (1) "the award was procured by corruption or fraud, or undue means;" (2) "there was evident partiality or corruption in the arbitrators, or either of them;" (3) the arbitrator engaged in misconduct; or (4) "the arbitrator exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award" was not made. 9 U.S.C. § 10. As to modification, Section 11 allows the court to modify the award where: (1) "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;" (2) the arbitrator has made an award on a matter not submitted to him; or (3) "the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.

Here, UBS has attached the FINRA Award to its Complaint and alleges that "neither party seeks to vacate, modify, or otherwise correct the Award." (Doc. 16 at ¶ 22). However, apart from stating the seven promissory notes each contain an arbitration clause, UBS has not provided copies of the alleged promissory notes with the agreements to arbitrate as required under 9 U.S.C. § 13(a). Thus, the second and third *Eitel* factors do not presently weigh in favor of granting the Motion unless UBS provides sufficient evidence of the alleged arbitration agreement in the seven promissory notes. *Contra UBS Fin. Servs., Inc. v. Martin*, 2014 WL 2159280, at *2 (S.D. Cal. May 23, 2014) (UBS obtained default judgment on its petition to confirm arbitration award when providing the appropriate documents). UBS shall have seven (7) days to provide this Court with copies of the alleged promissory notes and arbitration agreements.

/ / /

### 3. Sum of Money at Stake

Regarding the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of a defendant's conduct. *See Pepsico*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008).

UBS seeks to enforce the Award to recover the balances of Defendant's UBS Loans, plus interest, as well as attorney fees and FINRA fees incurred at arbitration. (Doc. 1 at ¶ 14). This amounts to $736,347.52, plus interest. (Docs. 16 at ¶ 9; 1-2 at 3-6). The Court finds this amount is proportionate to the Defendant's conduct, which constitutes failing to repay UBS for the $897,104.84 in loans it issued, plus interest, under the relevant promissory notes. This fourth factor favors entering default judgment.

### 4. Potential Disputes of Material Fact

The time has passed for Defendant to dispute the Complaint's allegations. At this stage, the allegations are taken as true. *See Geddes*, 559 F.2d at 560. Therefore, the possibility of dispute is low. This fifth *Eitel* factor favors entering default judgment.

### 5. Excusable Neglect

Defendant was served with the Complaint, Summons, and UBS's Motion for Default Judgment at 5810 Central Avenue, Apartment 102, New Port Richey, Florida 34652. (Docs. 10; 16 at 6). Moreover, Defendant actively participated in the underlying arbitration proceedings and is fully aware of the subject matter, allegations, and damages in this case. There is no indication that Defendant's failure to defend this action is due to excusable neglect. Therefore, the sixth factor favors entering default judgment.

### 6. Policy Favoring Decisions on the Merits

The Court is unable to reach the merits of this case because Defendant has failed to plead or otherwise defend this action. Therefore, this final factor weighs against granting default judgment.

In sum, majority of the *Eitel* factors weigh in favor of entering default judgment.

## IV. CONCLUSION

The Court finds subject matter jurisdiction over the present action, personal jurisdiction over Defendant, and that the *Eitel* factors support an entry of default judgment against Defendant. However, UBS has not yet provided copies of the alleged arbitration agreements contained in the alleged seven promissory notes as required by 9 U.S.C. § 13(a). The Court will allow UBS to file a supplemental brief to cure this deficiency. Failure to do so will result in the Court's denial of its Motion for Default Judgment. The Court will defer on conducting a damages analysis until it can resolve the issues regarding UBS's noncompliance with 9 U.S.C. § 13.

Accordingly,

**IT IS HEREBY ORDERED** that UBS Financial Services Inc. and UBS Credit Corp. shall **within seven (7) days** of this Order file copies of the seven promissory notes with the alleged arbitration agreements in accordance with 9 U.S.C. § 13.

Dated this 27th day of April, 2023.

Honorable Diane J. Humetewa
United States District Judge