**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UBS Financial Services Incorporated, et al., | No. CV-22-00386-PHX-DJH |
| Petitioners, | **ORDER** |
| v. | |
| Harold Walter Harrison, | |
| Respondent. | |

On September 13, 2022, the Clerk of Court entered Default against Defendant Harold Walter Harrison ("Defendant") after he failed to appear or otherwise defend against UBS Financial Services Inc. and UBS Credit Corp.'s (collectively "UBS") petition to confirm an arbitration award.  (Doc. 13); *See* Fed. R. Civ. P. 55(a).  On October 28, 2022, Plaintiff filed a Motion for Entry of Default Judgment (Doc. 16).  The Court considered the Motion and found subject matter jurisdiction over the action, personal jurisdiction over Defendant, and that the seven relevant factors under *Eitel v. McCool*, 782 F.2d 1470, 1471––72 (9th Cir. 1986) supported an entry of default judgment against Defendant.  (*See generally* Doc. 17 at 4–8).  Nonetheless, the Court deferred on conducting a damages analysis because UBS had not yet provided copies of the alleged arbitration agreements as required by Section 13 of the Federal Arbitration Agreement ("FAA").  9 U.S.C. § 13(a).  UBS has since done so.  (Doc. 18).  For the following reasons, the Court grants UBS' Motion for Entry of Default Judgment on the basis of the underlying arbitration award.

**I.      Legal Standard**

1    Having found that entry of default judgment is proper under *Eitel v. McCool*, 782

2  F.2d 1470, 1471–72 (9th Cir. 1986), the Court must determine what damages UBS is

3  entitled to.  In contrast to the other allegations in a complaint, allegations pertaining to

4  damages are not automatically taken as true.  *TeleVideo Sys., Inc.,* 826 F.2d at 917–18.

5  "The plaintiff is required to provide evidence of its damages, and the damages sought must

6  not be different in kind or amount from those set forth in the complaint." *Amini Innovation*

7  *Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011); Fed. R. Civ. P.

8  54(c). This is so a defendant may know from the complaint what the potential award may

9  be, and the defendant may then decide whether a response is worthwhile.  *See e.g.*, *Silge v.*

10  *Merz*, 510 F.3d 157, 160 (2d Cir. 2007) (limiting damages in a default judgment award to

11  what is "specified in the [complaint's] 'demand for judgment'. . . ensures that a defendant

12  who is considering default can look at the damages clause, satisfy himself that he is willing

13  to suffer judgment in that amount, and then default without the need to hire a lawyer").

14  **II.    Damages Analysis**

15    Defendant obtained seven loans from UBS totaling to $897,104.84 (the "UBS

16  Loans").  (Doc. 1 at ¶¶ 7–8).  He executed seven promissory notes in connection with his

17  UBS Loans (Doc. 18-1), each of which contained an arbitration clause requiring the parties

18  to resolve disputes through arbitration conducted by the Financial Industry Regulation

19  Authority ("FINRA").   (*Id.* at 4–5, 10–11, 16–17, 22–23, 28–29, 34–35, 40–42).

20  Defendant's failure to make payments on the UBS Loans resulted in the underlying July

21  29, 2021, Arbitration Award (Doc. 1-2) (the "Award").  *See UBS Fin. Servs. Inc. v.*

22  *Harrison*, No. 19-03751 (Fin. Indus. Regul. Auth. July 29, 2021) (Kalish, Arb.).   In its

23  Motion for Default Judgment, UBS seeks to recover damages as calculated in the Award.

24  (Doc. 16 at ¶ 25).

25    The Award was issued in favor of UBS and against Defendant and provided for the

26  following:

27    -    $635,492.85 in compensatory damages on the seven unpaid UBS loan

28      balances;

- $58.328.67 in interest accrued from Defendant's voluntary resignation on September 12, 2016, through July 15, 2021;

- $33.01 per diem from July 16, 2021, until the Award is paid in full;

- $40,376.00 in attorneys' fees;

- $2,150.00 in FINRA fees (this amount excludes UBS's filing and FINRA membership fees (*see* Doc. 1-2 at 5)).

(Doc. 1-2 at 3–6).  This totals to $736,347.52 plus post judgment interest at $33.01 per diem from July 16, 2021, until the Award is paid in full.  Indeed, this request does not differ in kind or amount from those set forth in the Complaint.  (*Compare* Doc. 1 at ¶ 14 *with* Doc. 16 at ¶¶ 9, 16).

"The Court may enter a default judgment without a damages hearing when . . . 'the amount claimed is a liquidated sum or capable of mathematical calculation.'" *Capitol Specialty Ins. Corp. v. Chaldean LLC*, 2022 U.S. Dist. LEXIS 132713, at *12 (D. Ariz. July 25, 2022) (quoting *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013)); *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).  Here, all measures of damages are definite sums that are calculated according to the Award.  Defendant was also put on notice of these damages because he was served with a copy of the Award when it was issued on July 29, 2021.  (Doc. 1-2 at 7).  Therefore, the Court can calculate UBS's total alleged damages with certainty and a damages hearing is unnecessary. *See Capitol Specialty Ins. Corp.*, 2022 U.S. Dist. LEXIS 132713, at *12.

### III.   Conclusion

In sum, the Court finds jurisdiction over the present action and that the relevant *Eitel* factors support an entry of default judgment against Defendant.  The Award serves the basis for UBS's request for damages and so the Court can calculate damages with certainty.

/ / /

Accordingly.

**IT IS HEREBY ORDERED** that UBS Financial Services Inc. and UBS Credit Corp.'s Motion for Entry of Default Judgment (Doc. 16) is **GRANTED.**  The Clerk of the

Court is kindly directed to enter default judgment on the July 29, 2021, Arbitration Award (Doc. 1-2) under 9 U.S.C. § 13, and terminate this action.  UBS is entitled to $736,347.52 in damages plus post judgment interest at $33.01 per diem from July 16, 2021, until the Award is paid in full.

**IT IS FINALLY ORDERED** that UBS Financial Services Inc. and UBS Credit Corp. may file a motion for costs and attorneys' fees **within fourteen (14) days** of the entry of this Order

Dated this 19th day of May, 2023.

Honorable Diane J. Humetewa
United States District Judge